ALTENBERND, Acting Chief Judge.
B.T.S. appeals an order adjudicating him delinquent, finding him to be a habitual juvenile offender[1] and committing him to a high-risk residential commitment with the Department of Juvenile Justice. B.T.S. argues, and the State concedes, that the *785 State and the trial court failed to comply with Florida Rule of Juvenile Procedure 8.115(d)[2] before imposing the habitual juvenile offender designation. In fact, the State did not request this sanction until days after the disposition hearing and the trial court’s oral pronouncement of the disposition. We therefore reverse the disposition order and remand this case. We do not decide, at this time, whether the State’s failure to seek this designation pri- or to the trial court’s pronouncement and the trial court’s failure to pronounce the imposition of such a sanction preclude the imposition of the sanction on remand.
Reversed and remanded.
NORTHCUTT and WHATLEY, JJ„ Concur.

. See § 985.03(47), Fla. Stat. (2000).

. B.T.S.'s disposition hearing was held in July 2000. We note that Florida Rule of Juvenile Procedure 8.115(d) was amended effective January 1, 2001. In re: Amendments to the Rules of Juvenile Procedure, 783 So.2d 138 (Fla.2000). The amendment deleted all provisions related to placement of a child as a serious or habitual juvenile offender. It appears that there is now no statutory- or rule-based procedure for providing a child with notice of the potential imposition of this sanction.